# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **URBAN PLANT WELLNESS, P.M.A.** | ) | Case No. 3:20-cv-01154-JZ |
| | ) | |
| Plaintiff. | ) | Judge Jack Zouhary |
| | ) | |
| vs. | ) | **ANSWER OF DEFENDANTS** |
| | ) | |
| **CITY OF TOLEDO, et al.** | ) | Dale R. Emch, Law Director |
| | ) | (0080004) |
| Defendants. | ) | Jeffrey B. Charles, Chief of Litigation |
| | ) | (0064514) |
| | ) | John T. Madigan, Senior Attorney |
| | ) | (0023614) |
| | ) | City of Toledo, Department of Law |
| | ) | One Government Center, Suite 2250 |
| | ) | Toledo, Ohio 43604-2293 |
| | ) | Telephone: (419) 245-1020 |
| | ) | Fax: (419) 245-1090 |
| | ) | |
| | ) | Counsel for Defendants |
| | ) | |

Defendants, Dale R. Emch and the City of Toledo, for their answer to plaintiffs' complaint, state as follows:

## FIRST DEFENSE

1.  Defendants lack sufficient information as to the truth of the allegations contained in paragraph No.1 of the complaint and therefore deny the same.

2.  Defendants lack sufficient information as to the truth of the allegations contained in paragraph No.2 of the complaint and therefore deny the same.

3. Defendants lack sufficient information as to the truth of the allegations contained in paragraph No.3 of the complaint and therefore deny the same.

4. Defendants lack sufficient information as to the truth of the allegations contained in paragraph No.4 of the complaint and therefore deny the same.

5. Defendants lack sufficient information as to the truth of the allegations contained in paragraph No.5. of the complaint and therefore deny the same.

6. Defendants admit executing a search warrant on April 8, 2020 at Plaintiff's place of business but deny the remaining allegations contained in paragraph No.6 of the complaint.

7. Defendants deny the allegations contained in paragraph No. 7 of the complaint.

8. Defendants lack sufficient information as to the truth of the allegations contained in paragraph No.8 of the complaint and therefore deny the same.

9. Defendants admit the allegations contained in paragraph No.9 of the complaint.

10. Defendants admit the allegations contained in paragraph No.10 of the complaint.

11. Answering paragraph No. 11 of the complaint, Defendants deny that Ohio Attorney General David Yost has been named as a defendant in any capacity.

12. Answering paragraph No.12 of the complaint, the allegation contains a legal conclusion for which no response is required.

13. Answering paragraph No.13 of the complaint, the allegation contains a legal conclusion for which no response is required.

14. Defendants lack sufficient information as to the truth of the allegations contained in paragraph No.14 of the complaint and therefore deny the same.

15. Defendants lack sufficient information as to the truth of the allegations contained in paragraph No.15 of the complaint and therefore deny the same.

16. Answering paragraph No. 16 of the complaint, the laws stated speak for themselves and no response is required.

17. Defendants admit that the "sensible marijuana ordinance" was passed by a majority of electors in the City of Toledo but deny the remaining allegations contained in paragraph No. 17 of the complaint.

18. Defendants lack sufficient information as to the truth of the allegations contained in paragraph No.18 of the complaint and therefore deny the same.

19. Answering paragraph No. 19 of the complaint, Article I of the Ohio Constitution speaks for itself and no response is required.

20. Answering paragraph No. 20 of the complaint, Article I of the Ohio Constitution speaks for itself and no response is required.

21. Answering paragraph No. 21 of the complaint, the allegation expresses an opinion for which no response is required.   .

22. Defendants lack sufficient information as to the truth of the allegations contained in paragraph No.22 of the complaint and therefore deny the same.

23. Answering paragraph No. 23 of the complaint, the Ohio Constitution speaks for itself. Defendants deny the remaining allegations contained in paragraph No. 23.

24. Defendants deny the allegations contained in paragraph No.24 of the complaint.

25. Defendants lack sufficient information as to the truth of the allegations contained in paragraph No.25 of the complaint and therefore deny the same.

26. Defendants lack sufficient information as to the truth of the allegations contained in paragraph No.26 of the complaint and therefore deny the same.

27. Defendants lack sufficient information as to the truth of the allegations contained in paragraph No.27 of the complaint and therefore deny the same.

28. Defendants lack sufficient information as to the truth of the allegations contained in paragraph No.28 of the complaint and therefore deny the same.

29. Answering paragraph No. 29 of the complaint, the United States Constitution speaks for itself. Defendants deny the remaining allegations contained in paragraph No. 29.

 Answering paragraph No.29 of the complaint, defendants admit that the vehicle operated by Derek Friar was maintained and serviced by the City of Toledo but deny the remaining allegations contained in paragraph No.29.

30. Defendants deny the allegations contained in paragraph No.30 of the complaint.

31. Defendants lack sufficient information as to the truth of the allegations contained in paragraph No.31 of the complaint and therefore deny the same.

32. Defendants deny the allegations contained in paragraph No.32 of the complaint.

33. Defendants admit that a search warrant affidavit was presented to a Lucas County Common Pleas Court judge on April 8, 2020 but deny that the warrant application contained any misrepresentations or errors as stated in paragraph No. 33 of the complaint.

34. Defendants admit that property was seized from 923 Starr Ave. as stated in paragraph No. 34 of the complaint but lack sufficient information as to the truth of the remaining allegations contained therein and therefore deny the same.

35. Defendants lack sufficient information as to the truth of the allegations contained in paragraph No.35 of the complaint and therefore deny the same.

36. Defendants lack sufficient information as to the truth of the allegations contained in paragraph No.36 of the complaint and therefore deny the same.

37. Defendants deny the allegations contained in paragraph No.37 of the complaint.

38. Defendants admit the allegations contained in paragraph No. 38 of the complaint.

39. Defendants admit the allegations contained in paragraph No. 39 of the complaint.

40. Defendants deny the allegations contained in paragraph No.40 of the complaint.

41. Defendants deny the allegations contained in paragraph No.41 of the complaint.

42. Defendants deny the allegations contained in paragraph No.42 of the complaint.

43. Defendants incorporate by reference their answers to paragraph Nos.1 through 42 of the complaint as if fully rewritten.

44. Defendants deny the allegations contained in paragraph No.44 of the complaint

45. Defendants incorporate by reference their answers to paragraph Nos.1 through 44 of the complaint as if fully rewritten.

46. Defendants deny the allegations contained in paragraph No.46 of the complaint.

47. Defendants deny the allegations contained in paragraph No.47 of the complaint.

48. Defendants incorporate by reference their answers to paragraph Nos.1 through 47 of the complaint as if fully rewritten.

49. The allegations contained in paragraph No. 49 of the complaint contain an opinion of law for which no response is required.

50. Defendants admit the seizure of property took place at Plaintiff's place of business but lack sufficient information to form a belief as to the truth of the allegations contained in paragraph No. 50 of the complaint and therefore deny the same.

51. The allegations contained in paragraph No. 51 of the complaint contain an opinion of law for which no response is required.

52. The allegations contained in paragraph No. 52 of the complaint contain an opinion of law for which no response is required.

53. Defendants deny the allegations contained in paragraph No. 53 of the complaint.

54. Defendants incorporate by reference their answers to paragraph Nos.1 through 53 of the complaint as if fully rewritten.

55. Defendants deny the allegations contained in paragraph No. 55 of the complaint.

56. Defendants deny the allegations contained in paragraph No. 56 of the complaint.

57. Defendants deny the allegations contained in paragraph No. 57 of the complaint.

58. Defendants deny the allegations contained in paragraph No. 58 of the complaint.

59. Defendants deny the allegations contained in paragraph No. 59 of the complaint.

## SECOND DEFENSE

60. Plaintiff's Complaint fails to state any claim upon which relief can be granted.

## THIRD DEFENSE

61. Plaintiff has sustained no constitutional deprivation or violation.

## FOURTH DEFENSE

62. The acts, omissions or other conduct of which Plaintiff complains were performed pursuant to legal privilege and with probable cause.

## FIFTH DEFENSE

63. The property seized on April 8, 2020 was obtained pursuant to a lawfully executed search warrant issued by a judge of the Lucas County, Ohio, Common Pleas Court.

## SIXTH DEFENSE

64. Defendants have probable cause to believe that the property seized from the Plaintiff's place of business is marijuana sold or offered for sale in violation of Ohio Revised Code chapters 2925 and/or 3796 and is therefore contraband.

## SEVENTH DEFENSE

65. The Defendants are absolutely immune from any liability to Plaintiff in punitive damages pursuant to federal law.

## EIGHTH DEFENSE

66. Plaintiff has suffered no legally actionable injury, loss or damage.

**NINTH DEFENSE**

67. At the time of the filing of Plaintiff's Complaint, there was no well-grounded factual or legal basis to support an entitlement to the relief requested therein, nor has there ever been any such basis to support same. Plaintiff's claims are, therefore, frivolous, unreasonable, groundless and without merit, and the Defendants are entitled to an award of reasonable attorneys fees and all costs and expenses incurred in the defense of this action.

**TENTH DEFENSE**

68. Plaintiffs have failed to join as parties all persons necessary to afford complete relief to the Plaintiffs or necessary to protect the defendants from incurring double or inconsistent obligations.

**WHEREFORE,** Defendants, Dale R. Emch, Law Director and the City of Toledo, through Counsel, respectfully pray that Plaintiff's Complaint be dismissed in its entirety with prejudice; that Plaintiff's demands for relief be denied in their entirety; that judgment be entered for said Defendants together with costs herein expended, reasonable attorneys fees and such other and further relief as is just and equitable.

## JURY DEMAND

Defendants respectfully request a trial by jury on all issues so triable in the within cause.

                                  Respectfully submitted,

                                  DALE R. EMCH, DIRECTOR OF LAW

                                  /s/__John T. Madigan_____
                                  John T. Madigan, Senior Attorney
                                  Counsel for Defendants

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Answer has been sent by regular U.S. mail and electronically to Erik J. Wineland, Rohrbacher Cron Manahan Trimble & Zimmerman Co.,LPA, 405 Madison Ave, 8th Floor, Toledo, Ohio 43604, attorney for Plaintiff this 29th day of May, 2020. It was emailed to ewineland@rcmtz.com as well.

                                  /s/ John T. Madigan
                                  John T. Madigan