# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **Urban Plant Wellness, P.M.A.,** | Case No. 3:20-CV-1154 |
| Plaintiff, | Judge Jack Zouhary |
| vs. | **DEFENDANTS' MEMORANDUM IN SUPPORT OF JURISDICTION** |
| **City of Toledo, et al.,** | Dale R. Emch ,Director of Law (0080004) |
| Defendants. | Jeffrey B. Charles, Chief of Litigation (0064514) |
| | John T. Madigan, Senior Attorney (0023614) |
| | City of Toledo, Department of Law |
| | One Government Center, Suite 2250 |
| | Toledo, Ohio 43604-2293 |
| | Telephone: (419) 245-1020 |
| | Fax: (419) 245-1090 |
| | Counsel for Defendants |

Now comes the Defendants in support of their notice to remove to this Court the action pending against them in the Court of Common Pleas of Lucas County, Ohio entitled *Urban Plant Wellness, P.M.A.., v. City of Toledo, et al*., Case No. CI2020-02141. Defendants believe that the allegations contained in the Plaintiff's complaint are based completely on its on its perceived right to associate freely under the First and Fourteenth Amendments of the United States Constitution.

**Facts**

On April 7, 2020 Detective Ashley Paszczykowski applied for and received a search warrant from a judge of the Lucas county Common Pleas court for a search of 923 Starr Ave., Toledo, Ohio. The probable cause submitted by the detective in support of the warrant was a

purchase by a confidential informant of marijuana, a Schedule I controlled substance. Prior to applying for the search warrant, the purchased drug was tested and found to contain tetrahydrocannabinols in amounts sufficient to constitute marijuana as defined under R.C. 3719.41(A)(19) and (27). On April 8, 2020 the search warrant was executed and large quantity of marijuana as well as equipment and a vehicle were seized. The police department estimated that the value of the marijuana seized exceeded $240,000.00.

The City of Toledo Police Department does not possess laboratory facilities suitable for testing the tetrahydrocannabinol level of marijuana which is necessary to distinguish it from legally possessed hemp. The drugs were therefore sent to the State of Ohio, Criminal Identification and Investigation Bureau in Bowling Green, Ohio for testing. To date, the testing has not been completed.

The Plaintiff from whom the drugs were seized, claims to be a private membership association. In its complaint filed in Lucas County Common Pleas Court it claims a right to have it drugs returned and the Ohio medical marijuana law declared to be a violation of its rights under the United States and Ohio Constitutions. The Plaintiff organization is not licensed to sell or dispense medical marijuana under the laws of the State of Ohio.

## ARGUMENT

The Plaintiff's complaint sets forth claims for relief based upon the First and Fourteenth Amendments to the United State Constitution. These are:

> "UPW's activities are protected by the *First Amendment of the United States Constitution* and Article I, Section 3 of the Ohio Constitution. It has a right to associate with others in pursuit of a wide variety of political, social, economic, educational, religion and cultural ends. The right is crucial in preventing the majority from imposing its views on groups that would rather express other, perhaps unpopular, ideas while the benefits medical cannabis is accepted by a majority of Ohioans, certain elements of the Defendant have been slow to accept it

and have actually worked to stop the adoption and use of medical marijuana in Ohio". Plaintiff's complaint, 29 (Emphasis Added)

"*UPW's views toward medical cannabis therapies and the use for medical purposes are a form for expressive association and are protected under the First and Fourteenth Amendments of the United States Constitution*". Plaintiff's complaint, 30 (Emphasis Added)

"As a private membership association UPW has a right under Art.I of the Ohio Constitution *and the first and fourteenth amendments of the United States Constitution* to associate and exercise expressive association of like minded individuals to use, possess and exchange medical cannabis." Plaintiff's complaint, No. 52(a)(v). (Emphasis Added).

The Plaintiff asks the Court to declare that the constitutional right of freedom of assembly prohibits the State of Ohio and the Defendants from enforcing the laws of the state regulating the possession and sale of marijuana.

The allegations contained in paragraph No. 52 of the complaint are sufficient to make this a claim arising under the laws and Constitution of the United States and, therefore, subject to removal to the United States District Court. 28 U.S.C. 1441 states in part:

> "**(a) Generally.** Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
> \* \* \*
> **(c) Joinder of Federal law claims and State law claims.**
> **(1)** If a civil action includes—
> **(A)** a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title [28 USCS § 1331]), and
> **(B)** a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B)."

The Sixth Circuit Court of Appeals' test for "arising under" jurisdiction is as follows:

3

> "Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In determining whether a complaint arises under federal law we apply the "well-pleaded complaint" rule. *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 514 (6th Cir. 2003). Under this rule "we examine the 'well pleaded' allegations of the complaint and ignore potential defenses." *Beneficial Nat. Bank*, 539 U.S. at 6. "Federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. "The well-pleaded complaint" rule generally provides that the plaintiff is the master of his complaint, and the fact that the wrong asserted could be addressed under either state or federal law does not ordinarily diminish the plaintiff's right to choose a state law cause of action." *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 943 (6th Cir. 1994).. Loftis, 342 F.3d at 515. *Roddy v. Grand Trunk W.R.R.*395 F.3d 318 (6th Cir.2005)**. . . .**" See also *Gully v. First Nat'l Bank,* 299 U.S. 109,57 S. Ct. 96, 81 L. Ed. 70 (1936).

In determining whether federal jurisdiction exists, the Court will look to the complaint, not a defendant's conveniently essentialized version of its allegations. *Threat v. LaSalle County*, 768 F. Supp 2d. 958 (N.D. Ill.2011)**.** In *Threat v. LaSalle County* the only reference to federal law found in the complaint was a violation of the Fourth Amendment. Nevertheless, the District Court found that the allegation met the "arising under" test for purposes of removal to federal court.

> "To be clear, federal jurisdiction exists. While Threat's complaint is far from a model of legal draftsmanship, it does contain a federal claim which confers jurisdiction under 28 U.S.C. § 1331. Specifically, Threat's excessive force claim is presented as a Fourth Amendment violation, (R. 7, First Am. Compl. ¶ 8), and thus plainly arises "under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331."

Removal in this case is particularly appropriate since federal courts (including this one) have been the traditional forums for examining governmental restrictions on the First Amendment's right of assembly. The Supreme Court has held that in order to ensure the safety and convenience of the public, the right of assembly can be regulated by reasonable time, place and manner restrictions. *Cox v. New Hampshire*, 312 U.S.569 ,61 S.Ct.762 ,85

L.Ed.1049 (1941). Citing *United States v. Grace*, 461 U.S. 171, 75 L. Ed. 2d 736, 103 S. Ct. 1702 (1983) the Sixth Circuit Court of Appeals found:

> "However, contrary to plaintiffs' contention, the *Grace* decision reaffirms the ability of a governmental entity to restrict expressive conduct by "reasonable time, place and manner regulations as long as the restrictions are 'content-neutral, are narrowly tailored to serve a significant government interest, and leave open ample alternative channels of communication."
> *Stonewall Union v. Columbus*, 931 F.2d 1130,1134 (6th Cir.1991).

The Plaintiff has attempted to legitimize the illegal sale and distribution of marijuana by creating a membership organization that purportedly advances "political, social, economic, educational, religious, and cultural ends" Plaintiff's complaint, ☐ 29. This court has previously found that organizations created for the sole purpose of violating the law do enjoy the right to freedom of assembly under the First Amendment.

In *Agent Charmaine Rose Bassett v. Toledo Police Department*, U.S. Dist. Ct. No.3:16-cv-2268, (N.D.Ohio, 2016) this Court refused to enjoin the Toledo Police Department from enforcing laws related to Schedule I controlled substances where the plaintiff claimed to be a native American Indian "church'. Members of this church purchased $50.00 membership cards allowing them to buy marijuana and psilocybin mushrooms characterized as a "sacrament". The Court refused to find that the First Amendment right to freedom of religion extended to criminal laws of general application.

In order to exploit a loophole in the City of Toledo's Clean Indoor Air Act , an ordinance passed in 2003, a group of bar owners formed an organization the called "Taverns For Tots". The bar owners then filed an action in Federal district Court challenging the city's attempt to enforce the ordinance. *Taverns for Tots v. City of Toledo*, 341 F.Supp. 2d 844 (N.D.Ohio, 2004). The District Court first denied the plaintiff's attempt to enjoin the ordinance. In a subsequent decision

this Court found that the ordinance did not infringe on any expressive activity in violation of the plaintiff's right of assembly under the First Amendment. In making this ruling, the Court stated:

> "Plaintiff, a not-for-profit corporation formed on December 20, 2003, has as its ostensible charitable purpose the raising of money for needy children. During the earlier proceedings in this case, I found plaintiff to be a sham corporation, the primary purpose of which was provide a putative legal basis under exemptions in the ordinance for "membership associations" and "private social functions" to enable patrons of Toledo bars and restaurants to smoke. *Taverns for Tots, Inc. v. City of Toledo,* 307 F. Supp. 2d 933, 940-43 (N.D. Ohio 2004). On the basis of that finding, I granted a preliminary injunction in the City's favor, enjoining plaintiff from permitting smoking in violation of Toledo's anti-smoking ordinance at its "events" held in its name. *Id.*" 3

Citing *NYC C.L.A.S.H., Inc. v. City of New York,* 315 F. Supp. 2d 461 (S.D.N.Y. 2004), this Court found: ". . . there is nothing to say that smoking is a prerequisite to the full exercise of association and speech under the First Amendment. . . . While the Smoking Bans restrict where a person may smoke, it is a far cry to allege that such restrictions unduly interfere with smokers' right to associate freely with whomever they choose in the pursuit of any protected First Amendment activity. *Taverns for Tots, supra*

The Plaintiff argues that the unrestricted possession and use of marijuana by its members is a form of expressive conduct entitling it to First Amendment protection. The United States Supreme Court has consistently rejected such arguments. In *Giboney v. Empire Storage & Ice Co.* 336 U.S.490, 498, 69 S.Ct.684, 93 L.Ed.834 (1949) the Court Stated "It rarely has been suggested that the constitutional freedom for speech and press extends its immunity to speech or writing used as an integral part of conduct in violation of a valid criminal statute. We reject the contention now. Nothing that was said or decided in any of the cases relied on by appellants calls for a different holding"; see also *City of Dallas v. Stanglin*, 490 U.S. 19, 25, 109 S. Ct. 1591, 104 L. Ed. 2d 18 (1989) (holding that "[w]hile it is possible to find some kernel of

expression in almost every activity a person undertakes . . . such a kernel is not sufficient to bring the activity within the protection of the First Amendment").

## CONCLUSION

The Defendants seek to have this case removed to the District Court based upon allegations contained in the Plaintiff's complaint that the Defendants have violated the Plaintiff's rights under the First and Fourteenth amendments to the United States Constitution. The remedies sought by the Plaintiff are entirely centered around these constitutionally protected rights. As such, the complaint "arises under" federal law making it subject to removal under 28 U.S.C. ▢1441.

This Court is uniquely qualified to address the issues raised by the Plaintiff. In the cases of *Agent Charmaine Rose Bassett* and *Taverns for Tots* this Court examined marijuana and tobacco use in the context state law and City code restrictions and found no violation First Amendment rights to engage in expressive conduct. A body of federal case law exists to examine similar issues found in this case.

Respectfully submitted,

DALE R. EMCH, DIRECTOR OF LAW

By: /s/ *John T. Madigan*
    John T. Madigan, Senior Attorney
    Counsel for Defendants

**CERTIFICATION**

I hereby certify that the foregoing Memorandum in Support of Jurisdiction was mailed this 8th day of June, 2020, to Plaintiff's attorney, Erik J. Wineland, Esq., Rohrbachers Cron Manahan Trimble & Zimmerman Co. LPA, 405 Madison Ave., 8th Floor, Toledo, OH 43604. It was emailed to ewineland@rcmtz.com as well.

By: /s/ *John T. Madigan*
John T. Madigan, Senior Attorney
Counsel for Defendants