IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Urban Plant Wellness, P.M.A.,                   Case No. 3:20 CV 1154

                           Plaintiff,          <u>ORDER OF REMAND</u>

         -vs-                      JUDGE JACK ZOUHARY

City of Toledo, et al.,

                        Defendants.

### INTRODUCTION

This Court held two Phone Status Conferences regarding jurisdiction, and the parties have briefed the issue.  Defendant City of Toledo ("City") asserts jurisdiction is proper (Doc. 8); Plaintiff Urban Plant Wellness ("UPW") requests remand (Doc. 11).

### DISCUSSION

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  To have original jurisdiction in this non-diversity case, it must involve "a claim arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "Jurisdiction is determined at the time of removal."  *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007).  Therefore, this Court "examine[s] the 'well pleaded' allegations of the complaint and ignore[s] potential defenses."  *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) (citation omitted).

As the City points out, UPW's Complaint references the federal Constitution on three occasions:

- UPW's activities are protected by the First Amendment of the United States Constitution and Article I, Section 3 of the Ohio Constitution.  It has a right to associate with others in pursuit of a wide variety of political, social, economic, educational, religion and cultural ends.

- UPW's views toward medical cannabis therapies and the use for medical purposes are a form for expressive association and are protected under the First and Fourteenth Amendments of the United States Constitution.

- As a private membership association UPW has a right under Art. I of the Ohio Constitution and the [F]irst and [F]ourteenth [A]mendments of the United States Constitution to associate and exercise expressive association of like-minded individuals to use, possess and exchange medical cannabis.

(Doc. 1-5 at ¶¶ 29, 30, 52(a)(v)).

But these references are not enough.  *See Reneaud v. City of Traverse City*, 2013 WL 4010250, at \*2 (W.D. Mich. 2013) ("Mere reference to federal law does not establish federal subject matter jurisdiction.").

The undisputed thrust of Plaintiff's case is twofold: (1) Ohio's medical-marijuana scheme violates the Ohio Constitution; and (2) the City unlawfully seized UPW's property (Doc. 11 at 5–6).  As UPW notes, "the gravamen of the [] Complaint centers on the interpretation or Ohio Law and the Toledo Municipal Code as they relate to cannabis" (Doc. 11 at 4–5).  These are state-law issues.  Federal courts have jurisdiction "only [in] those cases in which a well-pleaded Complaint establishes either that federal law creates the cause of action or that the plaintiff['s] right to relief necessarily depends on resolution of a substantial question of federal law."  *Thornton v. Southwest Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990) (citation omitted).  Neither is true in this case -- meaning remand is appropriate.  28 U.S.C. § 1447 ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").  *Coyne v. Am. Tobacco*

2

*Co.*, 183 F.3d 488, 493 (6th Cir. 1999) ("All doubts as to the propriety of removal are resolved in favor of remand.").

### CONCLUSION

This Court lacks jurisdiction over this case.  UPW's request for remand (Doc. 11) is granted. This case is remanded to the Lucas County Court of Common Pleas.

IT IS SO ORDERED.

_____s/ Jack Zouhary_____
JACK ZOUHARY
U. S. DISTRICT JUDGE

July 9, 2020